UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-3848(DSD/BRT)

Michael Seifert,

                    Plaintiff,

v.                                                **ORDER**

Generac Mobile Products, LLC
d/b/a Magnum Power Products, LLC,

                    Defendant.


        Erin E. Westbrook, Esq. and Gregory R. Merz, Esq., Gray
        Plant Mooty, 80 South Eighth Street, Suite 500, Minneapolis,
        MN 55402, counsel for plaintiff.

        Randall E. Kahnke, Esq. and Elsa M. Bullard, Esq., Faegre
        Baker Daniels LLP, 90 South Seventh Street, Suite 2200,
        Minneapolis, MN 55402, counsel for defendant.


        This matter is before the court upon the motion to file under

seal by defendant Generac Mobile Products, LLC d/b/a Magnum Power

Products, LLC.  Based on a review of the file, record, and

proceedings herein, and for the following reasons, the court

requests that the parties file short briefs detailing the grounds

for sealing or redacting the proposed exhibits.


                        **BACKGROUND**

        This dispute arises out of a contract between defendant

Generac and plaintiff Michael Seifert, as representative of the

shareholders of MAC, Inc.  Seifert filed a complaint in the State

of Minnesota with a motion to file confidential exhibits to the

complaint.   Before  a  ruling  was  issued  on  the  motion,  Generac removed  the  case  to  federal  court.   Generac  now  moves  for  the  same exhibits  to  be  filed  under  seal.

## DISCUSSION

The  parties' filings  insufficiently  detail  the  grounds  for sealing  the  exhibits  in  their  entirety.   There  is  a  common-law right  of  public  access  to  judicial  records.   IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).   This  right  applies  to  civil proceedings.   Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376-77 (8th Cir. 1990).   In  order  to  overcome  the presumptive  right  to  public  records,  a  party  seeking  to  seal  a document  containing  allegedly  proprietary  commercial  information must  show  compelling  reasons  to  keep  the  information  secret – namely, that the public disclosure of the information will harm the party.  Healey v. I-Flow, LLC, 282 F.R.D. 211, 215 (D. Minn. 2012). The question then becomes whether there are sufficient grounds to override  the  common-law  right  of  access  and  to  justify  the  court's sealing  of  documents.   IDT Corp., 709 F.3d at 1223.   In  such  a situation, "the court must consider the degree to which sealing a judicial  record  would  interfere  with  the  interests  served  by  the common-law  right  of  access  and  balance  that  interference  against the  salutary  interests  served  by  maintaining  confidentiality  of  the

information sought to be sealed." Id. (citing Webster Groves Sch. Dist., 898 F.2d at 1376).

Even if there are compelling interests for preserving confidentiality, the court need not seal documents in their entirety. In IDT Corp., the Eighth Circuit noted the appropriateness of the district court's sealing of a complaint which contained "confidential and competitively sensitive information." Id. at 1223-24. The court also noted, however, that it was unclear why the entire complaint should remain under seal. Id. at 1224. The court postulated that portions could be opened to the public "without jeopardizing the confidentiality of sensitive information." Id. The Eighth Circuit remanded the case because there was insufficient explanation to determine "whether redaction was a reasonable alternative to sealing the entire complaint." Id.

The court today asks the parties to submit briefing to explain whether the exhibits should be sealed at all, or whether redaction is a reasonable alternative. The parties have not provided sufficient details at this time to justify any sealing of the documents.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to file under seal is continued pending further briefing. The documents will remain sealed while the court awaits the parties' filings.


Dated:  October 16, 2015


s/David S. Doty
David S. Doty, Judge
United States District Court