UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-3848(DSD/BRT)

Michael Seifert,

        Plaintiff,

v.     **ORDER**

Generac Mobile Products, LLC
d/b/a Magnum Power Products, LLC,

        Defendant.

    Erin E. Westbrook, Esq. and Gregory R. Merz, Esq., Gray Plant Mooty, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, counsel for plaintiff.

    Randall E. Kahnke, Esq. and Elsa M. Bullard, Esq., Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to file under seal by defendant Generac Mobile Products, LLC d/b/a Magnum Power Products, LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court requests that the parties file short briefs detailing the grounds for sealing or redacting the proposed exhibits.

**BACKGROUND**

This dispute arises out of a contract between defendant Generac and plaintiff Michael Seifert, as representative of the shareholders of MAC, Inc. Seifert filed a complaint in the State of Minnesota with a motion to file confidential exhibits to the

complaint.  Before a ruling was issued on the motion, Generac removed the case to federal court.  Generac now moves for the same exhibits to be filed under seal.

**DISCUSSION**

The parties' filings insufficiently detail the grounds for sealing the exhibits in their entirety.  There is a common-law right of public access to judicial records. IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  This right applies to civil proceedings. Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376-77 (8th Cir. 1990).  In order to overcome the presumptive right to public records, a party seeking to seal a document containing allegedly proprietary commercial information must show compelling reasons to keep the information secret - namely, that the public disclosure of the information will harm the party. Healey v. I-Flow, LLC, 282 F.R.D. 211, 215 (D. Minn. 2012). The question then becomes whether there are sufficient grounds to override the common-law right of access and to justify the court's sealing of documents. IDT Corp., 709 F.3d at 1223.  In such a situation, "the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the

information sought to be sealed." Id. (citing Webster Groves Sch. Dist., 898 F.2d at 1376).

Even if there are compelling interests for preserving confidentiality, the court need not seal documents in their entirety. In IDT Corp., the Eighth Circuit noted the appropriateness of the district court's sealing of a complaint which contained "confidential and competitively sensitive information." Id. at 1223-24. The court also noted, however, that it was unclear why the entire complaint should remain under seal. Id. at 1224. The court postulated that portions could be opened to the public "without jeopardizing the confidentiality of sensitive information." Id. The Eighth Circuit remanded the case because there was insufficient explanation to determine "whether redaction was a reasonable alternative to sealing the entire complaint." Id.

The court today asks the parties to submit briefing to explain whether the exhibits should be sealed at all, or whether redaction is a reasonable alternative. The parties have not provided sufficient details at this time to justify any sealing of the documents.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to file under seal is continued pending further briefing. The documents will remain sealed while the court awaits the parties' filings.

Dated:  October 16, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court